CHARLES E. PRICE, TRUSTEE, *v.* R. E. DUNCAN.

**Taxation—School Trustees—Power to Build School Building.**

Where the question of taxing a school district was submitted to the voters and they decided in favor of a tax to build a schoolhouse, and the trustees employ a person to build it and execute notes to him which are not paid, the school trustees may be mandated to levy taxes to pay such debt.

APPEAL FROM HANCOCK CIRCUIT COURT.

January 24, 1878.

OPINION BY JUDGE ELLIOTT:

In 1873 the legislature enacted a law requiring the trustees of the various school districts in Hancock county, this state, to levy and collect an ad valorem tax and poll tax not to exceed 25 cents on each $100 worth of property, nor one dollar on each white male resident in the district. This fund was to be devoted to the building of new school houses, and repairing and keeping in comfortable condition those already built, and also to enable the trustees of the districts to furnish the school houses with proper furniture, fixtures, etc.

By the 8th section of the act it was provided that before the tax authorized by the act should be levied a vote should be taken in each district on the first Saturday in April, 1873, or at any other regular election for trustees, and if a majority of the persons authorized to vote should vote for the tax it was to be levied in the school districts so voting.

According to the evidence in this case the question of taxing school district No. 17 was submitted to the voters as required by the act referred to, and was unanimously decided in the affirmative. Whereupon the trustees of this district employed appellee to build and furnish the same with a comfortable schoolhouse, and the supposed price being agreed on, they executed their three several notes for $51, each due in 1875, 1876 and 1877 respectively, and signed them as trustees. Appellee sued on some of these notes, and upon his judgments had returns of no property found, and in March, 1876, he filed his petition in the court below, setting up the foregoing facts, and asked that appellant, who was trustee of school district No. 17, should be compelled by mandamus to levy taxes sufficient to pay appellee for the expenses incurred by him in the erection of the schoolhouse.

The evidence shows that appellee expended $129 in the erection of the schoolhouse, and that the trustees of the district had received the same, and that since its erection it had been used as the schoolhouse for that district.

The court below, by mandamus, ordered and adjudged that the tax authorized by the act supra be levied to the amount at least sufficient to remunerate appellee for his outlay in the erection of the schoolhouse, which outlay the court adjudged to be $129.

This judgment we think was just and proper. It is too late now to question the right of the injured party by mandamus to compel a city, town, county or other corporation to levy and collect a tax which the law has authorized it to levy and collect, and where it has incurred liabilities with the understanding that it would levy taxes authorized by law to pay them. *Justices of Clarke County Court v. Paris W. & K. R. Turnpike Company,* 11 B. Mon. 143; *Kentucky & Louisville Mut. Ins. Co. v. Southard,* 8 B. Mon. 634; *Maddox v. Graham & Knox,* 2 Met. 56.

The money expended by appellee was in the erection of the house, for the cost of which the legislature had ordered the citizens of the district to be taxed; and the propriety of the enactment was endorsed as required by a popular vote of the district, and the money expended and the house erected at the solicitation of the school trustees of the district, who promised in their official capacity to have the tax levied and appellee remunerated for his outlay; and the refusal of their successor, the appellant, to levy the tax as required by the extent of the debt incurred for the erection of the schoolhouse authorized the proceedings and judgment appealed from, and therefore that judgment is *affirmed.*

*Wm. S. Roberts, for appellant.    Murray & Powers, for appellee.*